UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIUS ROSE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-CV-1156 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Darius Rose's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). ECF No. 1. This matter is fully briefed and ready for disposition.

### *I. Background*

On November 18, 2015, Darius Rose was charged in a four-count indictment with: (1) conspiracy to distribute marijuana; (2) possessing and brandishing a firearm in furtherance of a drug trafficking crime; (3) conspiracy to kidnap; and (4) possessing and brandishing a firearm in furtherance of a crime of violence. The charges arose out of a series of crimes dating from September 25 to September 30, 2015.

Patrick S. Kilgore, a member of the Court's CJA Panel, was appointed to represent movant. On February 19, 2016, movant's counsel filed a motion to suppress identification. He also made an oral motion to suppress evidence. On March 14, 2016, following an evidentiary hearing, United States Magistrate Judge David D. Noce recommended the motions be denied. Movant's counsel filed objections to the Order and Recommendation. On March 29, 2016, the Court

overruled movant's objections, sustained and adopted the Magistrate Judge's Order and Recommendation, and denied movant's motions to suppress.

On March 17, 2016, following the Order and Recommendation of the Magistrate Judge, movant filed a motion to remove his counsel. In his motion, movant stated he believed his attorney was not working in his best interest and failed to investigate facts or provide him with information so that he could make informed decisions. The Court set the motion for a hearing on May 11, 2016. At the hearing, movant and his counsel were given the opportunity to be heard outside the presence of the government's attorney. The Court found there was no conflict of interest, that movant's constitutional interests had been protected by his legal representation, and that Mr. Kilgore could continue to represent movant.

That same day, following the hearing, Mr. Kilgore filed a motion to withdraw as counsel for movant. Mr. Kilgore stated that the attorney-client relationship had broken down, as movant refused to engage in any productive discussion and stated that he would be obtaining a new attorney. The Court denied the motion on May 13, 2016, for the reasons stated in its previous order.

On August 7, 2016, movant again filed a motion to remove his appointed counsel. The Court denied movant's motion, without prejudice, for the reasons stated in the Court's prior order dated May 11, 2016, and because movant failed to provide new reasons supporting the removal of his counsel.

In March 2017, the parties reached a plea agreement, under which movant agreed to plead guilty to one of the charges against him, Count Three, conspiracy to kidnap under 18 U.S.C. §§ 1201(c) and 1201 (a)(1). Movant signed a written Plea Agreement, Guidelines

Recommendations and Stipulations ("Plea Agreement") on March 3, 2017, and that same day, movant entered a plea of guilty as to Count 3 of the indictment. The government agreed to dismiss all other counts against movant. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

On June 8, 2017, prior to the sentencing hearing, Casey J. Symonds, retained counsel, entered an appearance on movant's behalf. Mr. Kilgore filed a motion for leave to withdraw, which was granted. Mr. Symonds did not move to continue the sentencing hearing or file a motion to withdraw the plea. He filed a sentencing memorandum on movant's behalf.

On July 11, 2017, the Court held a sentencing hearing. Movant and his counsel were given the opportunity to object to the PSR, and neither voiced an objection. Movant's counsel argued for a sentence below the range in the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The Court sentenced movant to a term of 262 months imprisonment, followed by a term of four years of supervised release. Movant did not file an appeal.

On July 12, 2018, movant filed the Motion to Vacate presently before the Court. Movant raises four grounds with his motion:

> Ground One – "Whether the recent U.S. Supreme Court case law in Nelson v. Colorado, 137 S.Ct. 1249 (2017), allows to challenge 'Preponderance of the Evidence.'" ECF No. 1 at 6.
>
> Ground Two – "Whether Mr. Rose's Base Offense Level of [32] is incorrect?" Id. at 8.
>
> Ground Three – "Whether Mr. Rose's Offense Characteristics was incorrectly applied to him and can be said as double counting?" Id. at 10.
>
> Ground Four – "Whether Mr. Rose's 6th·Amendment [right] to effective counsel was denied & the court abuse[d] its dicretion [sic] when it denied his constant request to withdraw count appointed counsel that created an unknowingly colloque [sic] & plea?" Id. at 12.

3

The government filed a response to movant's Motion to Vacate, to which movant did not file a traverse or reply.

## *II. Standard of Review*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (internal citations omitted). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428-29 (1962).

A movant is entitled to an evidentiary hearing on a 28 U.S.C. § 2255 motion to vacate if a factual dispute exists. See Grady v. United States, 269 F.3d 913, 919 (8th Cir. 2001); United States v. Peltier, 731 F.2d 550, 554 (8th Cir. 1984). "An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)). A district court may make this finding if either "(1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (internal quotation marks omitted). The Court finds movant is not entitled to an evidentiary hearing on his

4

Motion to Vacate, because even if movant's allegations are accepted as true, he is not entitled to relief.

### III. Discussion

#### A. Waiver or Abandonment

The government argues in its response that movant has abandoned or waived his claims in Grounds One, Two, and Three of his Motion to Vacate. The Court does not agree that movant has waived or abandoned these claims.

On the same day movant filed his Motion to Vacate, movant filed a motion for a thirty-day extension of time to clarify his four grounds for relief. The Court granted movant's motion for extension of time, allowing him 30 days to file arguments in support of his § 2255 motion. ECF No. 3. Following requests for additional extensions of time, which were granted, on September 13, 2018, movant filed a document entitled "§2255 Motion Amended, Supplement and Clarify Petitioner's Original Filed § 2255 Issues, Grounds and Arguments Pursuant to Rule 15(c)." ECF No. 7. In his filing, movant listed the four grounds he raised in his original Motion to Vacate and wrote: "[movant] respectfully moves this court to recognize that he will not amend and supplement or clarify anything within grounds one-thr.-three; However, he will amend, supplement and clarify ground four." ECF No. 7 at 1-2. Movant did provide additional support and arguments for the claim he raised in Ground Four, ineffective assistance of counsel. He provided no further support or arguments for the claims raised in Grounds One-Three.

Contrary to the government's view, the Court does not find movant has waived or abandoned the claims he raises in Grounds One, Two, and Three of his Motion to Vacate. Although movant did not supplement, clarify, or amend the claims he raised in Grounds One, Two, and

5

Three, they were clearly delineated as grounds for relief in his September 13, 2018 filing. Therefore, the Court finds the claims were not abandoned or waived.

### B. Procedural Default

All of the claims in movant's Motion to Vacate are procedurally barred because they could have been raised on direct appeal and were not. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 165 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Id. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957–58 (8th Cir. 2007).

6

All of the claims in movant's Motion to Vacate could have been raised on direct appeal and they were not. The claims in the Motion to Vacate are barred because they could have been raised on appeal, and movant has not shown cause to lift the bar. See Frady, 456 U.S. at 165; Matthews, 114 F.3d at 113.

### C.    On the Merits

#### 1.    Grounds One-Three

Even if the Court were to review the claims in Grounds One-Three on the merits, they would be dismissed. In Ground One, movant argues the Court considered "relevant conduct" when determining his sentence, but according to movant, under Nelson v. Colorado, 137 S. Ct. 1249 (2017), he cannot be punished for "acquitted conduct," or "dismissed or even uncharged conduct." ECF No. 1 at 6. In his Motion to Vacate, movant failed to provide any further specifics as to this claim, such as what "relevant conduct" the Court considered or how that information impacted his sentence, and movant did not supplement or clarify the claim in subsequent filings. In Ground Two, movant asserts that his base offense level was incorrectly calculated in the PSR, by the government, and the Court. ECF. No 1 at 8. Again, movant fails to provide any specifics as to this claim, such has why the calculation was incorrect and what the proper calculation should have been. Finally, in Ground Three, movant asserts that "Offense Characteristics" were incorrectly applied to him and amounted to "double counting." ECF No. 1 at 10. Movant provided no facts or arguments in support of this claim for relief.

The claims contained in Grounds One, Two, and Three of the Motion to Vacate fail for the separate reason that they are conclusory. Movant provides no specific facts supporting these claims and makes no legal arguments citing legal authority. Grounds One-Three are each based

7

on a single sentence. Conclusory allegations such as these are insufficient to warrant federal habeas relief. See, e.g., Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001).

### 2. Ground Four - ineffective assistance of counsel.

Finally, in Ground Four, movant asserts he received ineffective assistance of counsel in his representation by Mr. Kilgore. Movant asserts Mr. Kilgore was ineffective in that he failed to turn over to new counsel the government's discovery. Movant also asserts that the Court abused its discretion in denying his motion for new counsel, which "deprived him to an effective colloquy, plea and sentencing because not only was Mr. Kilgore ineffective for not discussing anything with him, but also Mr. Kilgore would not attempt to make any type of communications with him while being held at the federal holding detention in order to discuss his case-prosecution in general, negotiations, plea, colloque [sic], and sentencing." ECF No. 7 at 2.

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court may address the two prongs of the Strickland test in any order, and if

the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Movant faults his counsel for failing to turn over to his new counsel the government's discovery. Movant, however, provides no details as to what was in the discovery and how not providing new counsel with the discovery changed the outcome of his proceedings. At the time movant's new counsel entered an appearance, movant had already pleaded guilty, and he was awaiting sentencing. Movant's new counsel did not file for continuance or raise the discovery issue with the Court. He also did not file a motion to withdraw the plea. What is more, at the sentencing hearing, movant and his new counsel indicated they were ready to proceed with sentencing. Even if failing to turn over discovery to new counsel was deficient performance, there is nothing in the record to suggest that the outcome of the proceeding would have been different.

Movant also faults Mr. Kilgore for failing to communicate with him and discuss the details of his case. Movant argues Mr. Kilgore's communication failures impacted negotiations with the government, his plea, and sentencing.

Defendants' Sixth Amendment right to counsel extends to the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012). See also Missouri v. Frye, 566 U.S. 134, 145 (2012), Padilla v . Kentucky, 559 U.S. 356, 364 (2010), and Hill v. Lockhart, 474 U.S. 52, 58 (1985). During plea negotiations defendants are "entitled to the effective assistance of competent counsel." Lafler, 566 U.S. at 162 (citing to McMann v. Richardson, 397 U.S. 759, 771 (1970)). The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill, 474 U.S. at 58. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In other words, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 566 U.S. at 163.

A review of the record establishes movant understood the terms of the Plea Agreement and the penalty he was facing. At plea hearing, the Court went over the terms of the Plea Agreement with movant, including the penalties for the count to which he was entering a guilty plea. See Plea Transcript at 14. The Court asked movant whether he understood the range of punishment and the rights he was giving up by entering a plea. Movant indicated that he did. Id. At no time during the hearing did movant indicate that he did not understand the terms of the Plea Agreement or that he wished to proceed to trial.

The record also establishes movant was satisfied with his representation at the time of his plea. At the plea hearing, the following exchange took place between movant and the Court:

> Q: You're here today with your attorney, Mr. Kilgore. Have you had enough time to discuss your case with him?
>
> A   Yes. Yes, sir.
>
> Q   Are you satisfied with his representation of you in this case?
>
> A   Yes, sir.
>
> Q   Is there anything you wanted him to do or felt he should have done in representing you in this case that he did not do?
>
> A   No, sir.
>
> . . .
>
> Q: Did you read [the Plea Agreement] and discuss it with Mr. Kilgore before you signed it?
>
> A   Yes, sir.

10

> Q Is everything in it true to the best of your knowledge and understanding?
>
> A Yes, sir.
>
> Q Is there anything you disagree with or don't understand?
>
> A No, sir.

Id. at 5, 7-8.  Movant's sworn statements before a court "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

There is no evidence that movant's counsel failed to communicate with him about the charges against him or the time movant was facing by entering a guilty plea under the Plea Agreement.  It is also clear from the record that movant understood the basic terms of the Plea Agreement.  But even if counsel did not communicate with movant about the terms of the Plea Agreement, movant has failed to establish prejudice for his claim. Movant has not shown that had counsel provided him with more information, he would not have entered a plea of guilty but would have insisted instead on proceeding to trial. Hill, 474 U.S. at 59.

As for sentencing, movant was represented by Mr. Symonds at the time of sentencing. Mr. Symonds did not move for more time to review the record or ask that movant be allowed to withdraw his plea. Mr. Symonds did not object to the PSR.  At the sentencing hearing, Mr. Symonds presented mitigating factors to the Court, including movant's age, upbringing, family connections, circumstance of the crime, and movant's acceptance of responsibility and urged the Court to sentence movant below the Guidelines range.  There is nothing in the record to suggest Mr. Kilgore's performance impacted Mr. Symonds's ability to represent movant at the sentencing

hearing. Movant fails to show Mr. Kilgore's performance was deficient or that but for his errors, his sentence would have been different

In sum, movant has not established a claim of ineffective assistance of counsel. There is nothing in the record to suggest the performance of movant's attorney was constitutionally deficient, or that he was prejudiced by the conduct of his attorney.

### *IV. Conclusion*

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim. All of the claims in movant's Motion to Vacate are procedurally barred because the claims could have been raised on direct appeal, but they were not, and movant has not shown cause to lift the procedural bar. Furthermore, the claims contained in Grounds One, Two, and Three of the Motion to Vacate fail for the separate reason that they are conclusory. As for Ground Four, movant's claim of ineffective assistance of counsel is without merit because movant has not shown his counsel's performance was constitutionally defective or that he suffered prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant Darius Rose's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [Doc. 1].

**IT IS FURTHER ORDERED** that movant Darius Rose has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a

certificate of appealability on those claims.   See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of August, 2021.